```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

DANIEL LUKE SPUCK,                 :
        Petitioner,         :
     v.                           :  Case No. 3:06-cv-39-KRG-KAP
PAUL STOWITSKY, SUPERINTENDENT,    :
S.R.C.F. MERCER,                   :
        Respondent          :

## MEMORANDUM ORDER

This matter was referred to Magistrate Judge Keith A. Pesto for a Report and Recommendation in accordance with the Magistrates Act, 28 U.S.C.§ 636(b)(1), and subsections 3 and 4 of Local Rule 72.1 for Magistrate Judges.

The Magistrate Judge filed a Report and Recommendation on November 22, 2006, docket no. 13, recommending that the petition for a writ of habeas corpus be dismissed as untimely, and that a certificate of appealability be denied.

The parties were notified that pursuant to 28 U.S.C.§ 636(b)(1), they had ten days to serve and file written objections to the Report and Recommendation. Petitioner filed timely objections, docket no. 14, asserting that his petition should be considered timely filed because in June 2005, petitioner submitted to the Clerk's Office in the Erie Division of this district a petition to proceed in forma pauperis and a motion for the appointment of counsel to assist him in filing a habeas petition. Because no petition accompanied those documents, the Clerk returned them to the petitioner without docketing them or referring them to a member of the Court. Petitioner asserts that "if the court had

issue with the petitions, a proper order was necessary, and would have allowed petitioner to appeal to the Honorable Third Circuit Court of Appeals." docket no. 14 at 2. Petitioner argues that the absence of any notice from the Court or the Clerk telling him by what date the documents were to be refiled constitutes obstruction by a government official which tolls the limitations period.

Petitioner is incorrect. The Clerk and personnel in the Office of the Clerk are not permitted to give legal advice, much less required to give legal advice, and when documents (such as petitioner's submissions in June 2005) are received which do not constitute either a petition or a complaint, the Clerk properly returns them. Nor do motions for the appointment of counsel or for leave to proceed in forma pauperis constitute a petition for habeas corpus which would toll the limitations period.

Similar issues were presented in Mohamed v. United States, 2000 WL 520963 (S.D.N.Y.2000), in which Judge Raggi ruled that a habeas petitioner's request for a certificate of appealability filed within the limitations period did not constitute either a petition for a writ of habeas corpus filed within the limitations period nor a pleading which would toll the limitations period. As Judge Raggi observed, in rejecting Mohamed's argument that the court should have advised petitioner of the correct procedures and deadlines, the court did not retain the motion for a certificate of appealability pending the filing

of a petition, it denied the motion because it was improper, and Mohamed failed to file a petition for another two years.

Here, the Clerk in no way misled petitioner that his pleadings returned in June 2005 were a petition pending with the court. This is not a case where the petition and the returned motion to proceed in forma pauperis crossed in the mail, which would justify using the date of the earlier mailing as the filing date: petitioner failed to file any petition, in any form, for approximately five months after his unaccompanied motions were returned. The court's obligation to construe pro se pleadings liberally does not permit it to ignore the absence of a timely petition.

After review of the record of this matter together with the Report and Recommendation, and the timely objections thereto, the following order is entered:

AND NOW, this 6th day of December, 2006, it is

ORDERED that the petitioner's petition for a writ of habeas corpus is denied as untimely. A certificate of appealability is denied. The Report and Recommendation is adopted as the opinion of the Court. The Clerk shall mark this matter closed.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

3

Notice by ECF to counsel of record and by U.S. Mail to:

    Daniel Luke Spuck CZ-4285
    S.R.C.F. Mercer
    801 Butler Pike
    Mercer, PA 16137